UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CONESTOGA TITLE INSURANCE CO., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1636-RLY-WTL |
| | ) | |
| ACOUSTIC HOME LOANS, LLC, | ) | |
|     Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO STAY ARBITRATION and
DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

Before the court is Plaintiff's Motion to Stay Arbitration and Defendant's Motion to Dismiss and Compel Arbitration. For the reasons set forth below, the court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

**I.      Background**

On February 3, 2004, Acoustic Home Loans, LLC[1] ("Acoustic") purchased a policy of title insurance (the "Policy") from Conestoga Title Insurance Co. ("Conestoga"). Per the terms of the Policy drafted by Conestoga, "any controversy or claim between [Conestoga] and [Acoustic] arising out of or relating to [the Policy], any service of [Conestoga] in connection with its issuance, or the breach of a policy provision or other obligation" were subject to arbitration at the option of either Conestoga or

---

[1] Acoustic's members are all citizens of California, and Acoustic's principal place of business is in California.  Conestoga is incorporated and has its principal place of business in Pennsylvania.  (Complaint at ¶ 102).

Acoustic.  (*See* Complaint, Ex. 2 at ¶ 13).  In its entirety, the arbitration provision in the Policy reads as follows:

> Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association.  Arbitral matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation.  All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured.  All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured.  *Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at date of Policy shall be binding upon the parties. . .*
>
> The laws of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

(*Id*.).

In 2004, Acoustic made a claim under the policy.  (*Id*. at ¶ 11).  Frustrated by over a year's delay on the part of Conestoga to make payment on the claim, Acoustic filed a demand for arbitration pursuant to the Commercial Arbitration Rules with the American Arbitration Association ("AAA") on August 2, 2006, alleging that Conestoga had breached its obligations under the Policy.  (*Id*. at ¶ 12).  Acoustic requested that the arbitration occur in California.  (*Id*. at ¶ 13).  Conestoga did not respond or otherwise answer Acoustic's arbitration demand, but objected to Acoustic's locale request shortly thereafter.  (*Id*. at ¶¶ 13, 17, and Ex. 9 at ¶ 1).  Pursuant to the AAA's request, the parties submitted venue contentions regarding the proper locale for the arbitration.  (*Id*. at ¶¶ 18-

20).  Based upon those submissions, the AAA interpreted the parties' arbitration provision and ruled that the arbitration would be conducted in Los Angeles, California. (*Id*. at ¶ 21).  In reaching that conclusion, the AAA advised the parties that the Title Insurance Arbitration Rules were discontinued as of the date of the arbitration demand, and that "any cases filed now calling for those rules would be administered under the Commercial Arbitration Rules."  (*Id*. at Exs. 6, 9).  Under the Commercial Arbitration Rules, it is within the arbitrator's discretion to determine the proper locale.  (*Id.* at Ex. 9).

On September 5, 2006, Conestoga requested that the AAA reconsider its locale determination.  (*Id*. at ¶ 22).  Upon reconsideration, the AAA again interpreted the provision and determined that California was the proper locale.  Following appointment of the parties' arbitrator, Conestoga submitted a "Motion for Arbitration Locale Determination," contesting the California locale, and the arbitrator refused to reverse the AAA's venue determination.  (*Id*. at ¶ 23).  On November 16, 2006, Conestoga filed the instant lawsuit with the court, seeking a declaratory judgment as to the validity of the arbitration agreement, or, alternatively, a declaration that Acoustic's arbitration demand against Conestoga be heard in Indiana.  Conestoga also moved this court to stay the parties' arbitration.

**II.     Discussion**

A district court's review of an arbitral award is extremely limited.  *Butler Mfg. v. United Steelworkers of Am.*, 336 F.3d 629, 632 (7th Cir. 2003); *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 153-54 (7th Cir. 1994).  Section 10 of the FAA provides the

grounds upon which an award may be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Aside from the grounds enumerated in section 10 of the FAA, the court may only consider whether the arbitration award was in manifest disregard of the law. *Wise v. Wachovia Securities*, 450 F.3d 265, 268 (7th Cir. 2006).

### 1. The arbitrator's decision was not "in manifest disregard of the law"

Conestoga argues that the arbitrator's decision was in manifest disregard of the law. In the Seventh Circuit, the manifest disregard of the law standard is interpreted extremely narrowly, and confined "to cases in which arbitrators 'direct the parties to violate the law.'" *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 268-69 (7th Cir. 2006) (citing *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001)). Here, the arbitrator did not order the parties to violate the law. Accordingly, Conestoga's request for review based upon the manifest disregard standard fails.

Conestoga also argues that judicial review of the locale determination is

appropriate because this is an "extreme" case. *Aerojet-General Corp. v. Am. Arbitration Assoc.*, 478 F.2d 248, 251 (9th Cir. 1973) ("Extreme cases can be imagined in which the choice of locale for arbitration is not made in good faith and severe irreparable injury is inflicted on one or more of the parties."); *see also S.J. Groves & Sons Co. v. Am. Arbitration Assoc.*, 452 F.Supp. 121, 124 (D. Minn. 1978) (Appeals of interlocutory arbitration matter "should not be allowed except in exceptional circumstances to prevent grave injustice."). "Extreme" cases include those in which the arbitrator exhibited clear bias or partiality, where the decision resulted from fraud, or where the arbitrator's decision orders the parties to violate the law. *Aerojet-General*, 478 F.2d at 252. Conestoga does not argue that any one of these extreme circumstances are present. As such, Conestoga's request that the court review the arbitrator's interlocutory decision on that ground is without merit.

### 2. The arbitrator's decision was not illogical

Conestoga also argues that the arbitrator's decision was not logical, as it "require[s] one party to fly all the witnesses to the transaction across the country while the other party merely has to travel in-state and not transport witnesses." (Conestoga's Response at 6). As previously stated, the court's review of the arbitrator's locale decision is extremely narrow and does not extend to whether or not the decision was "logical"; rather, it is limited to whether the arbitrator interpreted the contract. In *Hill v. Norfolk & W. Ry. Co.*, the Seventh Circuit stated:

> As we have said too many times to want to repeat again, the question for

> decision by a federal court asked to set aside an arbitration award . . . is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract. If they did, their interpretation is conclusive. By making a contract with an arbitration clause the parties agree to be bound by the arbitrator's interpretation of the contract.

*Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1194-95 (7th Cir. 1987). In this case, the AAA and the parties' arbitrator interpreted the contract. In fact, it did so three different times. It appearing that the AAA reviewed the contract, interpreted its terms and applied its rationale to the present dispute, the court's review is at an end.

### III. Conclusion

For the reasons set forth above, the court **DENIES** Plaintiff's Motion to Stay Arbitration (Docket # 7) and **GRANTS** Defendant's Motion to Dismiss and Compel Arbitration (Docket # 15).

**SO ORDERED** this  5th   day of April 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Matthew Thomas Albaugh
BAKER & DANIELS
matthew.albaugh@bakerd.com

James A Goodin Jr.
GOODIN ABERNATHY & MILLER
jgoodin@gamlawyers.com

Lia R. Lukaart
GOODIN ABERNATHY & MILLER
llukaart@gamlawyers.com

Elizabeth J. Wysong
GOODIN ABERNATHY & MILLER
ewysong@gamlawyers.com